ANN FROMHOLZ (SBN 173770)
THE FROMHOLZ FIRM
35 North Lake Avenue, Suite 670
Pasadena, CA 91101
Tel: (626) 568-8005
Fax: (626) 628-2115
ann@lawthatworks.com

Attorneys for Defendants
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C. and
ANGELA PAK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GENE MORAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>ANGELA PAK; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., a Foreign California Corporation,<br>Defendants. | Case No.: SACV16-00705 CJC (DFMx)<br><br>**DECLARATION OF ANN FROMHOLZ IN SUPPORT OF JOINT STIPULATION REGARDING MOTION TO COMPEL**<br><br>Hearing Date: December 13, 2016<br>Time: 1:30 P.M.<br>Department: 9B<br><br>Complaint Filed: April 14, 2016<br>Trial Date: April 18, 2017 |

**DECLARATION OF ANN HALEY FROMHOLZ**

I, Ann Haley Fromholz, declare as follows:

1. I am an attorney licensed to practice law in the State of California and the attorney of record for Defendants Ogletree, Deakins, Nash, Smoak, and Stewart, P.C. ("ODNSS") and Angela Pak ("Pak"). I have personal knowledge of the facts set forth below and if called upon to testify thereto, I could and would do so competently.

2. On September 26, 2016, Defendants ODNSS and Pak (collectively "Defendants") received written discovery requests from Plaintiff Gene Moran ("Moran").

3. Defendants diligently prepared discovery responses and served those responses on Plaintiff by email on October 31, 2016. I received email correspondence from Plaintiff on October 31, 2016, which confirmed that he received the discovery responses that day. A true and correct copy of ODNSS' responses to Plaintiff's Request for Production, Set 1, is attached hereto as Exhibit A.

4. On November 9, 2016, I took the first session of Plaintiff's deposition. On at least two times during the day, I informed Plaintiff that ODNSS already produced all non-privileged documents regarding his application for employment. I explained that the only documents we withheld were attorney-client privileged documents related to a litigation hold. Plaintiff said, repeatedly, that he believes ODNSS and I are not telling the truth.

5. Also on November 9, Plaintiff and I agreed to meet and confer regarding this motion on November 11, 2016. On November 11, 2016, I again told Plaintiff that the only documents ODNSS withheld were attorney-client privileged communications related to a litigation hold. I again told Plaintiff that no additional documents exist. Plaintiff said, repeatedly, that he simply does not believe that no additional documents exist.

6. During the November 11, 2016, meet and confer conversation, I told Plaintiff that ODNSS would serve an amended response to RFP No. 2, which reflects

that ODNSS is withholding only attorney-client privileged communications and has produced all other responsive documents. Plaintiff said that response would not be satisfactory and reiterated his belief that some other documents must exist.

7. On November 18, 2016, I served on Plaintiff a privilege log, which lists the documents that ODNSS withheld from production on the basis of the attorney-client privilege. A true and correct copy of the privilege log is attached hereto as Exhibit B.

8. On November 21, 2016, ODNSS served the verified amended response to RFP No. 2. A true and correct copy of the amended response is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct. Executed on the 22nd day of November at Pasadena, California.

By: [signature]
Ann Haley Fromholz

# EXHIBIT A

ANN FROMHOLZ (SBN 173770)
THE FROMHOLZ FIRM
35 North Lake Avenue, Suite 670
Pasadena, CA 91101
Tel: (626) 568-8005
Fax: (626) 628-2115
ann@lawthatworks.com

Attorneys for Defendants
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C. and
ANGELA PAK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GENE MORAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>ANGELA PAK; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., a Foreign California Corporation,<br>Defendants. | Case No.: SACV16-00705 CJC (DFMx)<br><br>**DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION**<br><br>Complaint Filed: April 14, 2016<br>Trial Date: None Set |

**PROPOUNDING PARTY:** **GENE MORAN**

**RESPONDING PARTY:** **DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

**SET NUMBER:** **ONE (1)**

**TO PLAINTIFF IN PROPRIA PERSONA:**

Defendant OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. ("Defendant") hereby submits the following Responses to Plaintiff GENE MORAN's ("Plaintiff") Requests for Production (Set One), pursuant to Federal Rules of Civil Procedure, Rule 34.

## PRELIMINARY STATEMENT

This matter is in the early stages of discovery and Defendant has not completed its discovery into this matter. Defendant therefore reserves the right to supplement, amend or revise these responses as additional information becomes available. The following responses are subject to all objections if such statements are offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time. Defendant is not making any incidental or implied admissions regarding the contents of any response. The fact that Defendant has responded to any request should not be taken as an admission that it admits the existence of any fact set forth or assumed by the request, or that such responses constitute admissible evidence. The fact that Defendant has answered any request is not intended nor shall be construed to be a waiver by Defendant of all or any part of any objection to any request.

## GENERAL OBJECTIONS

Defendant's response to each and every Request is subject to the General Objections set forth below. These objections form a part of the responses to each and every Request and are set forth here to avoid the duplication and repetition involved in restating them for each response. These General Objections may be referenced specifically in response to certain interrogatories for the purpose of clarity; however, the failure specifically to incorporate a General Objection should not be construed as a waiver of the objection.

1. Defendant objects to each and every Request to the extent such Request seeks information protected from disclosure by various privileges, including, but not limited to, the attorney-client privilege and/or work-product doctrines, all privileges set

forth in Federal Rules of Evidence, Rules 501 and 502, Federal Rules of Civil Procedure, Rule 34, trade secret, and any other applicable statutory, common law, or constitutional privileges.

2. Defendant objects to each and every Request to the extent each such Request is overbroad, unduly burdensome and oppressive, and/or seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

3. Defendant objects to all of the Interrogatories to the extent they are vague and ambiguous, in that the manner in which specific Interrogatories are phrased creates confusion given the issues involved in the litigation.

4. Defendant has not completed its discovery, investigation, or trial preparation in this case. Therefore, these responses are made without prejudice to Defendant's right to present additional evidence or contentions in the trial based upon information hereinafter obtained or evaluated. Defendant reserves the right to supplement or amend her responses or present additional evidence of contentions at a later date.

5. The following responses are subject to all objections if such statements are offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time. Defendant is not making any incidental or implied admissions regarding the contents of any response. The fact that Defendant has responded to any Request should not be taken as an admission that it admits the existence of any fact set forth or assumed by the Request, or that such responses constitute admissible evidence. The fact that Defendant has answered any Request is not intended nor shall be construed to be a waiver by Defendant of all or any part of any objection to any Request.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of the resume provided to YOU for the person that YOU hired for the litigation paralegal position pursuant to the RECRUITMENT AD. RECRUITMENT AD means the advertisement from March-April 2014 with the specific language of "National Labor & Employment law firm seeking a full-time experienced Paralegal. Qualified candidates will have at least six years' experience in litigation, as well as trial experience. Should also have experience in researching law, fact investigation, preparing legal documents, conversant on court rules, preparing attorneys for mediation, deposition and trial, as well as proficiency in all Microsoft applications, Lexis-Nexis and WestLaw. Must be able to summarize legal documents, prepare affidavits and subpoenas and maintain document files, in addition to all other paralegal functions." YOU and YOUR means Defendant OGLETREE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects on the grounds that this request seeks information which is protected by a right of privacy pursuant to Article I, Section 1 of the California Constitution, the Fourth Amendment to the United States Constitution, as well as other state and federal laws and regulations. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce the resume of Anna Marie Henderson, to whom Defendant decided to make a job offer on April 18, 2014, and who began work at Defendant on May 12, 2014.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all ELECTRONICALLY STORED INFORMATION that discusses or refers to Plaintiff in any way or form between April 1, 2014 to July 1, 2014. ELECTRONICALLY STORED INFORMATION is defined above, and includes all emails, text and instant messages made through the internet service provider named Immedion, LLC, firm-mail.ogletreedeakins.com. = 208.83.79.166, and IP Address 208.83.79.166, or any other written communication source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects on the grounds that this request is overbroad, burdensome, and oppressive, and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce all documents in its possession, custody, or control that refer to Plaintiff's 2014 application for employment with Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all ELECTRONICALLY STORED INFORMATION that discusses or refers to the person that YOU hired for the litigation paralegal position pursuant to the RECRUITMENT AD between the date of the placement of the RECRUITMENT AD and the date of hire for this person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects on the grounds that this request is overbroad, burdensome, and oppressive and seeks information that is not relevant and is not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of the letter offering employment to the person that YOU hired for the paralegal position pursuant to the RECRUITMENT AD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects on the grounds that this request seeks information that is not relevant, is not calculated to lead to the discovery of admissible evidence, and seeks information which is protected by a right of privacy pursuant to Article I, Section 1 of the California Constitution, the Fourth Amendment to the United States Constitution, as well as other California state laws and regulations. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce a copy of the letter to Anna Marie Henderson offering her employment as a paralegal.

DATED: October 28, 2016

THE FROMHOLZ FIRM

By: /s/ Ann H Fromholz

ANN HALEY FROMHOLZ
Attorneys for Defendants
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. and ANGELA PAK

**VERIFICATION**

I, VICKI MYERS, declare as follows:

I am an authorized representative of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. ("Defendant") and have read the foregoing DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION ("Responses"). The information set forth in said Responses was gathered and collated by persons regularly in the employ of Defendant and files kept by Defendant in the regular and ordinary course of its business. Said persons have reported to Defendant that said Responses truly and correctly reflect the contents of said records with respect to the subject matter, to the best of their knowledge, wherefore, Defendant states upon information and belief that said DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION, are true and correct to the best of my knowledge according to and based upon the records and files of Defendant and information transmitted to Defendant as aforesaid.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of October 2016 at Costa Mesa, California.

[signature]

VICKI MYERS

# EXHIBIT B

**Privilege Log**
**Moran v. ODNSS et al. Case No. SACV16-00705 CJC (DFMx)**

| | Bates Number | Document type | Date of Document | Author of Document | Recipient | Subject Matter | Category of Privilege |
|---|---|---|---|---|---|---|---|
| 1 | ODNSS 000079-89 | Memorandum | 6/6/14 | Christopher Mixon | Vicki Myers/Keith Watts | Litigation Hold | Attorney-Client Privilege |
| 2 | ODNSS 000090-91 | Memorandum | 10/14/15 | Christopher Mixon | Vicki Myers/Keith Watts | Litigation Hold | Attorney-Client Privilege |

# EXHIBIT C

ANN FROMHOLZ (SBN 173770)
THE FROMHOLZ FIRM
4470 W. Sunset Blvd #90032
Los Angeles, CA 90027
Tel: (626) 568-8005
Fax: (626) 628-2115
ann@lawthatworks.com

Attorneys for Defendants
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C. and
ANGELA PAK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GENE MORAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>ANGELA PAK; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., a Foreign California Corporation,<br>Defendants. | Case No.: SACV16-00705 CJC (DFMx)<br><br>**DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S AMENDED RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION**<br><br>Complaint Filed: April 14, 2016<br>Trial Date: April 18, 2016 |

**PROPOUNDING PARTY:** **GENE MORAN**

**RESPONDING PARTY:** **DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

**SET NUMBER:** **ONE (1)**

**TO PLAINTIFF IN PROPRIA PERSONA:**

Defendant OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. ("Defendant") hereby submits the following Responses to Plaintiff GENE MORAN's ("Plaintiff") Requests for Production (Set One), pursuant to Federal Rules of Civil Procedure, Rule 34.

## PRELIMINARY STATEMENT

This matter is in the early stages of discovery and Defendant has not completed its discovery into this matter. Defendant therefore reserves the right to supplement, amend or revise these responses as additional information becomes available. The following responses are subject to all objections if such statements are offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time. Defendant is not making any incidental or implied admissions regarding the contents of any response. The fact that Defendant has responded to any request should not be taken as an admission that it admits the existence of any fact set forth or assumed by the request, or that such responses constitute admissible evidence. The fact that Defendant has answered any request is not intended nor shall be construed to be a waiver by Defendant of all or any part of any objection to any request.

## GENERAL OBJECTIONS

Defendant's response to each and every Request is subject to the General Objections set forth below. These objections form a part of the responses to each and every Request and are set forth here to avoid the duplication and repetition involved in restating them for each response. These General Objections may be referenced specifically in response to certain interrogatories for the purpose of clarity; however, the failure specifically to incorporate a General Objection should not be construed as a waiver of the objection.

1. Defendant objects to each and every Request to the extent such Request seeks information protected from disclosure by various privileges, including, but not limited to, the attorney-client privilege and/or work-product doctrines, all privileges set

forth in Federal Rules of Evidence, Rules 501 and 502, Federal Rules of Civil Procedure, Rule 34, trade secret, and any other applicable statutory, common law, or constitutional privileges.

2. Defendant objects to each and every Request to the extent each such Request is overbroad, unduly burdensome and oppressive, and/or seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

3. Defendant objects to all of the Interrogatories to the extent they are vague and ambiguous, in that the manner in which specific Interrogatories are phrased creates confusion given the issues involved in the litigation.

4. Defendant has not completed its discovery, investigation, or trial preparation in this case. Therefore, these responses are made without prejudice to Defendant's right to present additional evidence or contentions in the trial based upon information hereinafter obtained or evaluated. Defendant reserves the right to supplement or amend her responses or present additional evidence of contentions at a later date.

5. The following responses are subject to all objections if such statements are offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time. Defendant is not making any incidental or implied admissions regarding the contents of any response. The fact that Defendant has responded to any Request should not be taken as an admission that it admits the existence of any fact set forth or assumed by the Request, or that such responses constitute admissible evidence. The fact that Defendant has answered any Request is not intended nor shall be construed to be a waiver by Defendant of all or any part of any objection to any Request.

# RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of the resume provided to YOU for the person that YOU hired for the litigation paralegal position pursuant to the RECRUITMENT AD. RECRUITMENT AD means the advertisement from March-April 2014 with the specific language of "National Labor & Employment law firm seeking a full-time experienced Paralegal. Qualified candidates will have at least six years' experience in litigation, as well as trial experience. Should also have experience in researching law, fact investigation, preparing legal documents, conversant on court rules, preparing attorneys for mediation, deposition and trial, as well as proficiency in all Microsoft applications, Lexis-Nexis and WestLaw. Must be able to summarize legal documents, prepare affidavits and subpoenas and maintain document files, in addition to all other paralegal functions." YOU and YOUR means Defendant OGLETREE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects on the grounds that this request seeks information which is protected by a right of privacy pursuant to Article I, Section 1 of the California Constitution, the Fourth Amendment to the United States Constitution, as well as other state and federal laws and regulations. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce the resume of Anna Marie Henderson, to whom Defendant decided to make a job offer on April 18, 2014, and who began work at Defendant on May 12, 2014.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all ELECTRONICALLY STORED INFORMATION that discusses or refers to Plaintiff in any way or form between April 1, 2014 to July 1, 2014. ELECTRONICALLY STORED INFORMATION is defined above, and includes all emails, text and instant messages made through the internet service provider named Immedion, LLC, firm-mail.ogletreedeakins.com. = 208.83.79.166, and IP Address 208.83.79.166, or any other written communication source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects on the grounds that this request is overbroad, burdensome, and oppressive, and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce all documents in its possession, custody, or control that refer to Plaintiff's 2014 application for employment with Defendant.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects on the grounds that this request seeks information protected from disclosure by the attorney-client privilege. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant has produced all non-privileged documents in its possession custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all ELECTRONICALLY STORED INFORMATION that discusses or refers to the person that YOU hired for the litigation paralegal position pursuant to the RECRUITMENT AD between the date of the placement of the RECRUITMENT AD and the date of hire for this person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects on the grounds that this request is overbroad, burdensome, and oppressive and seeks information that is not relevant and is not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of the letter offering employment to the person that YOU hired for the paralegal position pursuant to the RECRUITMENT AD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects on the grounds that this request seeks information that is not

relevant, is not calculated to lead to the discovery of admissible evidence, and seeks information which is protected by a right of privacy pursuant to Article I, Section 1 of the California Constitution, the Fourth Amendment to the United States Constitution, as well as other California state laws and regulations. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce a copy of the letter to Anna Marie Henderson offering her employment as a paralegal.

DATED: November 21, 2016 THE FROMHOLZ FIRM

By: [signature]

ANN HALEY FROMHOLZ
Attorneys for Defendants
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. and ANGELA PAK

# VERIFICATION

I, VICKI MYERS, declare as follows:

I am an authorized representative of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. ("Defendant") and have read the foregoing DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S AMENDED RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION ("Responses"). The information set forth in said Responses was gathered and collated by persons regularly in the employ of Defendant and files kept by Defendant in the regular and ordinary course of its business. Said persons have reported to Defendant that said Responses truly and correctly reflect the contents of said records with respect to the subject matter, to the best of their knowledge, wherefore, Defendant states upon information and belief that said DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION, are true and correct to the best of my knowledge according to and based upon the records and files of Defendant and information transmitted to Defendant as aforesaid.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of November 2016 at Costa Mesa, California.

VICKI MYERS

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

**CASE NAME:** ***GENE MORAN v. ANGELA PAK et al.***

**CASE NUMBER: SA-CV-16-00705-CJC (DFMx)**

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 35 North Lake Ave., Suite 670, Pasadena, CA 91101.

On November 21, 2016, I served the foregoing document described as:

**DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S AMENDED RESPONSES TO PLAINTIFF GENE MORAN'S REQUESTS FOR PRODUCTION**

In this action by transmitting a true copy thereof addressed to:

Gene Moran
16038 Springdale #D1
Huntington Beach, CA 92649
genemoran@socal.rr.com

**[XX] BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address ann@lawthatworks.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X] STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2016 at Pasadena, California.

ANN FROMHOLZ